**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4557**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

NICHOLAS JAMAL FRAZIER,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:07-cr-00858-DCN-1)

Submitted:  November 6, 2008        Decided:  December 1, 2008

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Nicholas Jamal Frazier pled guilty to one count of possession with intent to distribute cocaine and five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and one count of using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). Frazier was sentenced to 60 months' imprisonment for the drug conviction and received a consecutive 60-month prison sentence for the firearm conviction. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues, but stating that there are no meritorious issues for appeal. Frazier was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

In the Anders brief, counsel questions whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Frazier's guilty plea, but concludes that it did. Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Frazier's guilty plea and that any omissions did not affect his substantial rights. Further, the transcript reveals that the district court ensured that Frazier entered his guilty plea

2

intelligently, voluntarily, and knowingly, with a full understanding of the consequences of his plea.

We turn next to Frazier's sentence. For the drug offense, Frazier's advisory Guidelines range was initially calculated at 57 to 71 months' imprisonment. However, because Frazier was subject to a statutory minimum term of five years' imprisonment for this offense, see 21 U.S.C. § 841(b)(1)(B), his Guidelines range became 60 to 71 months' imprisonment. See U.S. Sentencing Guidelines Manual § 5G1.1(b) (2007). The district court sentenced Frazier to 60 months' imprisonment for the drug offense. The court also imposed the statutorily mandated consecutive five-year imprisonment term for the firearm offense. See 18 U.S.C. § 924(c)(1)(A)(i).

Counsel contends that the minimum sentences contained in § 841 and USSG § 2D1.1 create an unconstitutional disparity between sentences for crack cocaine and powder cocaine offenses, in violation of the Equal Protection Clause. However, as counsel acknowledges, we have previously rejected similar constitutional challenges to the statute and Guidelines. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995); United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994); United States v. D'Anjou, 16 F.3d 604, 613-14 (4th Cir. 1994).

Counsel also argues that the statutory minimum sentences contained in § 841 should not survive judicial

3

scrutiny in light of recent amendments to the Sentencing Guidelines that lowered the offense levels for drug offenses involving crack cocaine, see USSG § 2D1.1(c) (2007 & Supp. 2008); USSG App. C Amend. 706, 711; and the decision in Kimbrough v. United States, 128 S. Ct. 558 (2007). However, as the Supreme Court recently observed in Kimbrough, after the Guideline amendments, "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." Kimbrough, 128 S. Ct. at 573. Accordingly, this claim is without merit.

We review a criminal sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594-97 (2007); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). We must first determine whether the district court committed any "significant procedural error." Gall, 128 S. Ct. at 597. We then consider the substantive reasonableness of the sentence, and may apply a presumption of reasonableness to a sentence within the Guidelines range. Go, 517 F.3d at 218.

Here, the district court correctly calculated Frazier's advisory Guidelines range of 60 to 71 months' imprisonment for the drug offense and sentenced Frazier to 60 months' imprisonment, the minimum required by statute and within the applicable Guideline range. Frazier's consecutive 60-month

4

sentence for the firearm offense was also statutorily mandated. We recently observed that a "statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). Accordingly, we conclude that Frazier's sentence is reasonable.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5